# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-6121-CV-W-FJG |
| | ) |
| SPECIALIZED SUPPORT SERVICES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion for Summary Judgment (Doc. # 43), plaintiff's Motion for Leave to File Excess Pages in Response to Defendant's Summary Judgment Motion (Doc. # 47), Plaintiff's Renewed Motion for Leave to File Her Designation of Discriminatory Incidents Out of Time (Doc. # 51) and Plaintiff's Motion for Leave to File a Surreply (Doc. # 52).

## I. BACKGROUND

Plaintiff was employed by defendant from February 3, 1993 until October 17, 2002. Defendant is in the business of providing services for mentally retarded and developmentally disabled individuals. Plaintiff has cerebral palsy, which substantially limits her ability to walk, carry and lift. Plaintiff was initially hired to be the Director of defendant's Heritage Learning Center in St. Joseph, Missouri. She remained in this position until the center was closed in July 2001. After the center closed, plaintiff became the Director of defendant's Personal Care Attendant ("PCA") Program. When plaintiff began in this position, she supervised between four to six consumers. When plaintiff was initially hired, Fred Fridlington was plaintiff's supervisor. Mr. Fridlington

continued to supervise plaintiff when she became the PCA Director in July 2001, until he left the company in May 2002. After Mr. Fridlington left, Donna Martin became plaintiff's supervisor.

On June 11, 2002, plaintiff received a performance review from Donna Martin in which she noted that "Kim's health has become more fragile over the past year and her motor skills and mobility more challenged. Some complaints have been made to the home office regarding Kim's relationship with the consumer guardians and with other directors and their staff. Kim is often hypercritical of staff and unrealistic in her expectations. In fairness to Kim, however, what seems to be hyper-criticism may actually be Kim's strong desire to ensure proper and adequate care of the consumers. Kim is insecure and requires a lot of reassurance." The performance review indicated that her next review was scheduled for the end of September 2002 at which time a determination would be made regarding continuation of plaintiff's full-time employment.

On August 1, 2002, plaintiff's full-time salaried position was eliminated. Plaintiff suggested an agreement with defendant where she could work fifty hours a month at $14.00 per hour, as opposed to merely working on an as-needed basis.

On September 17, 2002, plaintiff was given the option to sign a Severance Agreement. The Agreement provided that she would receive six months salary in exchange for releasing any claims she might have against defendant. Plaintiff did not sign the Agreement. On October 10, 2002, plaintiff was given another performance review. The review stated that plaintiff's position was eliminated as a full-time position due to financial considerations and her increased difficulty in meeting her job requirements. On October 17, 2002, Donna Martin terminated plaintiff's employment.

2

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

### A. Motion for Summary Judgment

After reviewing the parties' briefs, the authorities cited therein and the exhibits attached, the Court finds that there are disputed issues of fact which prevent the Court from granting defendant's Motion for Summary Judgment. Accordingly, defendant's

3

Motion for Summary Judgment is hereby **DENIED** (Doc. # 43).

### B. Plaintiff's Renewed Motion for Leave to File Her Designation of Discriminatory Incidents Out of Time and Motion for Leave to File a Surreply

Plaintiff's Designation of Discriminatory Incidents were originally due on September 1, 2004. On April 29, 2005, plaintiff filed a Motion for Leave to File Her Designation of Discriminatory Incidents Out of Time. In that Motion, plaintiff's counsel indicated that he had e-mailed the list of discriminatory incidents to defendant on March 28, 2005. Plaintiff's counsel asked defendant's counsel whether they would oppose an extension of time, but defendant never responded. On May 13, 2005, defendant filed suggestions in opposition to the motion. On May 20, 2005, the Court denied plaintiff's Motion, stating that the motion was untimely as it was filed six months after the deadline.

In the renewed Motion for Leave to File the Designation Out of Time, plaintiff's counsel states that during the Spring of 2004, he experienced computer problems which prevented him from downloading the Scheduling and Trial Order. Plaintiff's counsel indicates that he first obtained the Scheduling and Trial Order in October 2004, after defendant requested plaintiff's deposition. In November and December 2004, the parties requested several extensions of various deadlines in the Scheduling Order. However, plaintiff's counsel states that he overlooked the already past deadline for filing the Designation of Discriminatory Incidents. At some point in March 2005, plaintiff's counsel realized that he had not filed the Designation of Discriminatory incidents. On March 28, 2005 and again on April 14, 2005, plaintiff's counsel inquired whether

defendant had any objection to the late filing of the Designation. Defendant filed its Motion for Summary Judgment on April 14, 2005 and made a passing reference that plaintiff had not filed her Designation of Discriminatory Incidents. However, prior to raising the issue in the Summary Judgment motion, defendant had never raised the issue with the Court or with plaintiff's counsel.

In the Renewed Motion for Leave to File the Designation Out of Time, plaintiff's counsel states that his failure to file the Designation was the result of excusable neglect. Plaintiff's counsel notes that in Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993), the Court observed that relevant considerations include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. The Eighth Circuit has noted that "Excusable neglect means 'good faith and some reasonable basis for noncompliance with the rules.'" Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997)(quoting Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)).

Defendant argues that plaintiff has offered no new or compelling evidence that would alter the Court's ruling on May 20, 2005. Defendant also notes that there have been four separate Scheduling and Trial Orders issued and each Order included the September 1, 2004 deadline. Despite the numerous requests for extensions, plaintiff waited until April 29, 2005, to ask for an extension of the deadline for filing the Designation. Defendant argues that as in Noah v. Bond Cold Storage, 408 F.3d 1043 (8th Cir. 2005), the plaintiff's failure to comply with the Court's Scheduling Order should

5

result in dismissal.

The Court finds that plaintiff's counsel has shown excusable neglect for failing to file the Designation of Discriminatory Incidents out of time. When plaintiff's counsel initially filed the Motion for Extension of Time on April 29, 2005, no reason was given for failing to file the Designation within the time required. However, plaintiff's counsel has now gone into considerable detail in her Renewed Motion to explain how the oversight occurred and why it was not remedied earlier. Accordingly, the Court finds that this demonstrates good cause for failing to file the Designations on time. The Court also notes that this case differs significantly from the facts in Bond. In that case, the defendant initially moved to dismiss the case when plaintiff failed to file his Designation of Discriminatory Incidents. When plaintiff did not respond to the Motion to Dismiss, the Court issued an Order to Show Cause. It was only after plaintiff also failed to file a response to the Order to Show Cause that the Court dismissed plaintiff's Complaint.

In the instant case, the Court finds that plaintiff has demonstrated excusable neglect for failing to file the Designation of Discriminatory Incidents. Once plaintiff's counsel realized that he had not filed them, he immediately e-mailed them to defendant's counsel on March 28, 2005, plaintiff's counsel also asked on two different occasions whether defendant would oppose filing the Designation out of time. However, defendant failed to respond to plaintiff's inquiries. Additionally, unlike in Bond, plaintiff in this case has diligently pursued the case and has not ignored any other court deadlines or orders. Plaintiff's counsel also notes that the Designation of Discriminatory Incidents lists only incidents that the plaintiff testified about in her deposition. Indeed, defendant does not argue that they will be prejudiced if plaintiff is allowed to file the

6

Designation out of time. Accordingly, for good cause shown, the Court hereby **GRANTS** plaintiff's Renewed Motion for Leave to File Her Designation of Discriminatory Incidents Out of Time (Doc. # 51). Plaintiff shall file here Designation of Discriminatory Incidents on or before **September 23, 2005.** Plaintiff also requested permission to file a Surreply, as defendant argued in its Summary Judgment Reply Suggestions that plaintiff's Complaint should be dismissed for failure to file the Designation. Accordingly, the Court hereby **GRANTS** plaintiff's Motion for Leave to File a Surreply (Doc. # 52).

The Court also notes that plaintiff in her Suggestions in Opposition to the Motion for Summary Judgment argued that defendant could not rely on the affirmative defense that plaintiff was a direct threat, because this was not specifically stated in defendant's Answer. However, in reviewing the Answer, defendant stated:

> As a separate and Second Affirmative Defense, Defendant states that because the Complaint herein is a notice pleading and couched in conclusionary terms, Defendant cannot fully anticipate all Affirmative Defenses which may be applicable to the within action. Accordingly, the right to assert additional Affirmative Defenses, if and to the extent that such Affirmative Defenses are applicable, is hereby expressly reserved by Defendant. In addition, Defendant further reserves the right to add such other Affirmative and/or Additional Defenses as may be discovered during the course of this litigation.

(Defendant's Answer, p. 5). Therefore, the Court finds that defendant can assert the Direct Threat Affirmative Defense, as they specifically reserved the right to do so.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. # 43), **GRANTS** plaintiff's Motion for Leave to File Excess

7

Pages in Response to Defendant's Motion for Summary Judgment (Doc. # 47); **GRANTS** plaintiff's Motion for Leave to File a Surreply (Doc. # 52) and **GRANTS** plaintiff's Renewed Motion to File Her Designation of Discriminatory Incidents Out of Time (Doc. # 51). Plaintiff shall file her Designation of Discriminatory Incidents on or before **September 23, 2005.**


Date: September 19, 2005                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                         United States District Judge