IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KIMBERLY HUBBARD, )
)
          Plaintiff, )
)
v. ) Case No. 03-6121-CV-W-FJG
)
SPECIALIZED SUPPORT SERVICES, INC., )
)
)
          Defendant. )

# ORDER

Currently pending before the Court is Plaintiff's Motion in Limine (Doc. # 72), Defendant's Motion in Limine (Doc. # 75), Defendant's Motion to Strike Plaintiff's Supplemental Witness List (Doc. # 77), Plaintiff's Motion to Strike Defendant's Exhibit 10 and Related Witness and for Sanctions (Doc. # 87) and Defendant's Motion for Leave of Court to Add Additional Affirmative Defenses (Doc. # 91).

**A. Plaintiff's Motion in Limine**

Plaintiff moves the Court for an Order in Limine on two issues: SSDI benefits and the prohibition of any declarations of sympathy for the plaintiff.  Plaintiff states that her receipt of SSDI benefits is not relevant to any issue in dispute in this case and the defendant cannot argue that her receipt of these benefits somehow disqualifies her from being considered disabled under the ADA.

Defendant states that plaintiff's receipt of these benefits is relevant in considering whether or not plaintiff is able to perform the essential functions of her job with or without reasonable accommodations.  Defendant states that the Supreme Court has held that evidence of a statement in an SSDI application is relevant and should be

heard by the trier of fact. Defendant states that in Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999), the Court held the plaintiff was required to explain to the trier of fact her discrepancy in statements concerning her ability to work.

With regard to plaintiff's request to prohibit declarations of sympathy, defendant states that this request is too broad and too subjective to warrant consideration.

Plaintiff in reply clarifies her motion in limine and states that she is not seeking to limit evidence of her *application* for SSDI benefits, rather just the *award or receipt* of those benefits. Defendant states that the cases make no distinction between an application for SSDI benefits and the award of SSDI benefits. Defendant states that the award of benefits is also relevant because this would be inconsistent with plaintiff's argument that she is a qualified individual under the ADA and thus this must be explained to the jury.

The Court finds that evidence of plaintiff's *application* for and *receipt* of SSDI benefits is relevant. In Voeltz v. Arctic Cat, Inc., 406 F.3d 1047 (8th Cir. 2005), the court stated:

> The Supreme Court had established that "pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA claim." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). Moreover, there is no "special legal presumption" restricting a person who is receiving SSDI benefits from bringing an ADA claim. . . . Still, in order to successfully maintain an ADA suit, such a plaintiff must "proffer a sufficient explanation" for the "apparent contradiction."

Id. at 1050 (internal citations omitted). Therefore, the Court finds that plaintiff's application for and receipt of SSDI benefits is relevant and admissible and therefore **DENIES** plaintiff's Motion in Limine on this issue. With regard to plaintiff's Motion in

2

Limine relating to declarations of sympathy for the plaintiff, the Court **GRANTS** plaintiff's Motion in Limine on this issue and is confident that neither the defendant nor any of its witnesses will make any unwarranted comments or declarations of sympathy regarding plaintiff.

Accordingly, plaintiff's Motion in Limine is hereby **GRANTED in PART** and **DENIED in PART** (Doc. # 72).

### B. Defendant's Motion in Limine

#### 1. Designation of Discriminatory Incidents

Defendant states that the Court previously denied plaintiff's Motion for Leave to File her Designation of Discriminatory Incidents Out of Time and thus plaintiff should not be allowed to offer at trial her alleged discriminatory incidents. The Court **DENIES** defendant's Motion on this issue as the Court on September 19, 2005 granted plaintiff's renewed motion for leave to file her designation of discriminatory incidents out of time.

#### 2. Testimony from Plaintiff that She Could Perform the Essential Functions of Her Position

Defendant states that plaintiff is likely to present evidence that she could perform the essential functions of the job she held at Heritage Learning Center. However, defendant states that any testimony concerning plaintiff's prior performance at Heritage Learning Center is not relevant to any issue in dispute because the defendant eliminated the Heritage Learning Center Program more than four years ago and this job had significantly different requirements than the PCA Director's job. Defendant states that what is at issue is whether plaintiff could perform the essential functions of the PCA Director's job as it existed at the time of her discharge.

3

Plaintiff states that the testimony will establish that her job performance as Director of Heritage Learning Center was excellent and she and others may testify about the substantial overlap in specific job functions between her former job and the PCA Director's job.

The Court will allow a limited discussion of any overlapping responsibilities between the two positions. Therefore, defendant's Motion in Limine on this issue is hereby **DENIED**.

### 3. Testimony from Fred Fridlington Concerning the PCA Program After He Left and Plaintiff's Ability to Perform the Essential Functions of Her Position

Defendant anticipates that plaintiff will offer the testimony of Fred Fridlington to show that plaintiff was qualified to perform the essential functions of the PCA Director's job. However, defendant states that this testimony should be excluded because it had been six months since Mr. Fridlington had seen plaintiff and her physical condition had changed considerably since then. Additionally, the PCA program had changed significantly since Mr. Fridlington had left his employment with defendant.

Plaintiff states that Mr. Fridlington supervised plaintiff from the time he hired her in December 1993 until he left in May 2002. He testified in his deposition that he was satisfied with plaintiff's performance up through the time that he left. Plaintiff was appointed director of the PCA Program in July 2001, approximately 11 months before Mr. Fridlington left. Thus, plaintiff states he had 11 months to observe her performance and is entitled to testify about what he observed. The Court agrees with plaintiff that this testimony should be allowed. Mr. Fridlington will be allowed to testify regarding his

4

observations of plaintiff during the time that he supervised her. Therefore, defendant's Motion in Limine on this issue is hereby **DENIED**.

Accordingly, defendant's Motion in Limine is hereby **DENIED** (Doc. # 75).

**C. Defendant's Motion to Strike Plaintiff's Supplemental Witness List**

Defendant states that the date for plaintiff to file her witness list was July 15, 2005 [1] and that she is now attempting to add nine witnesses to testify about her search for employment and her employment with Central Christian Church.

Plaintiff states that these witnesses all became known after the close of discovery and after the filing of plaintiff's witness list. Plaintiff states that she will be using these witnesses to rebut the defendant's attempt to offer evidence that plaintiff failed to mitigate her damages by not seeking employment after her termination. Plaintiff states that the defendant has known about her involvement with Assisted Independence, a company that works with disabled individuals, since at least May 2005, when plaintiff filed her response to defendant's motion for summary judgment. Plaintiff states that she attached statements from 2 witnesses and documents from Assisted Independence as exhibits to her summary judgment response. Additionally, plaintiff states that she also filed her own affidavit as an exhibit which explained her involvement with Assisted Independence.

Plaintiff filed her initial witness list on March 8, 2005. Plaintiff did not begin working with Assisted Independence, until April 2005. Plaintiff filed a supplemental witness list on September 9, 2005. Although it would have been better for plaintiff to

---

[1] July 15, 2005 was actually the date defendant was to file its witness list. Plaintiff filed her initial witness list on March 8, 2005.

5

have filed her supplemental list before September 9, 2005, the Court does not find that defendant has been significantly prejudiced by this delay. Defendant knew as early as May 2005 that plaintiff was working with the Assisted Independence, Co. and plaintiff also attached affidavits from some of the witnesses for whom she had worked. Thus, defendant knew in general the nature of the testimony of these witnesses. Absent more significant reasons defendant believes it is prejudiced by allowing plaintiff to use these witnesses, the Court will provisionally allow these witnesses to testify. Accordingly, defendant's Motion to Strike Plaintiff's Supplemental Witness List is hereby **DENIED** (Doc. # 77).

### D. Plaintiff's Motion to Strike Defendant's Exhibit 10 and Related Witnesses and for Sanctions

Plaintiff moves for an Order prohibiting defendant from using documents produced by the Albany Regional Center that were produced in response to an improper subpoena or calling as a witness Nick Patterson.

The Court discussed this issue with the parties on September 28, 2005 and as a result the trial was rescheduled to allow the parties an opportunity to depose this witness and review the documents in question. Therefore, the Court hereby **DENIES** this Motion as **MOOT** (Doc. # 87).

### E. Defendant's Motion for Leave of Court to Add Additional Affirmative Defenses

Defendant states that on September 19, 2005 the Court granted plaintiff's Motion for Leave to File her Designation of Discriminatory Incidents out of time. Defendant states that it now has additional affirmative defenses which it would like to assert. All of

6

these defenses were substantively argued in the Motion for Summary Judgment, thus defendant states there is no prejudice in allowing them to be filed at this juncture. Plaintiff filed no opposition to this motion. Accordingly, defendant's Motion for Leave to Add Additional Affirmative Defenses is hereby **GRANTED** (Doc. # 91). Defendant shall file its Additional Affirmative Defenses within five days of the date of this Order.


Date: January 6, 2006                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                               Fernando J. Gaitan, Jr.
                                                                United States District Judge